# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| In re WESLEY C. BOYD, | Case No. 10-62492-LYN |
| Debtor, | |
| WESLEY C. BOYD, | Adv. No. 11-06015 |
| Plaintiff, | |
| v. | |
| INTERNAL REVENUE SERVICE, | |
| Defendant, | |

## MEMORANDUM

This matter comes before court on a complaint filed by Wesley C. Boyd ("the Plaintiff") seeking a judgment ordering the Internal Revenue Service[1] ("the Defendant") to return approximately $2,285.00 ("the Funds") to a corporation wholly owned by the Plaintiff.

### *Facts*

The Plaintiff is in the plumbing business. Pre-petition, he conducted his business through W C Boyd Plumbing Contractors, Inc., ("W C Boyd") which had a federal tax identification number ending in 3662. On August 30, 2010, the Plaintiff filed a chapter 13 petition with the clerk of this court. On September 8, 2010, the Plaintiff dissolved W C Boyd and formed a new corporation, WCB Plumbing, Inc., ("WCB") which has a federal tax identification number ending in 8431. W C Boyd and WCB are distinct legal entities.

---

[1] The United States of America is the proper defendant in this matter.

1

On October 18, 2010, W C Boyd received a Notice of Levy from the Defendant. On November 24, 2010, the Defendant mailed a Notice of Levy to customers of W C Boyd that instructed them to turn over any money in their possession to the Internal Revenue Service. Mr. Conrad of the Internal Revenue Service, who was assigned to collect on the W C Boyd account, testified that the Notice of Levy only applied to money or other property belonging to W C Boyd that was held by third parties. One of the customers of W C Boyd was the Lynchburg Redevelopment & Housing Authority ("LHRA"). The new corporation, WCB rendered services to LHRA. As a result, LHRA held funds that belonged to WCB. After a conversation with Mr. Conrad, a representative of LHRA forwarded to the Internal Revenue Service approximately $2,285.00 that it owed to WCB.[2]

On February 22, 2011, the Plaintiff filed the above-styled complaint under 11 U.S.C. § 362(k)(1) seeking a judgment awarding damages from the Defendant based the allegation that the Defendant had violated the automatic stay imposed by 11 U.S.C. § 362(a).

## Discussion

The complaint is brought under Section 362(k)(1) which provides that an individual injured by any willful violation of the automatic stay found at Section 362(a) shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.[3]

---

[2] The representative of LHRA testified that she informed Mr. Conrad that LHRA owed money to WCB, not W C Boyd. She further testified that Mr. Conrad told her to forward any monies that LHRA owed to the Plaintiff, W C Boyd, or WCB. Mr. Conrad denied making such a statement. Fortunately, this court need not resolve the conflicting testimony in order to reach a decision in this matter.

[3] Section 362(k) provides

(k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided

The Plaintiff asserts that the IRS violated the automatic stay by collecting monies post-petition from LHRA that belonged to WCB. The issue is whether the automatic stay prohibited such an act. A petition filed under section 301, 302, or 303 of the bankruptcy code operates as a stay against certain acts. 11 U.S.C. § 362(a). The automatic stay may be characterized as three stays in one. First, it is a stay against certain in personam acts against the *debtor*. 11 U.S.C. § 362(a)(1),(2)&(6)-(8). Second, it is a stay against certain in rem acts against *property of the debtor*. 11 U.S.C. § 362(a)(5). Finally, it is a stay against certain in rem acts against *property of the estate*. 11 U.S.C. § 362(a)(2)-(4).

The Funds were not a debtor in his case. Nor were they property of the debtor. They were property of WCB. While the debtor in this case owned 100% of WCB, he did not own the Funds. He only owned shares of WCB, not the assets of that corporation. Finally, the Funds were not property of the estate. Because the debtor had no legal or equitable interest in the Funds, they never became property of the estate. See 11 U.S.C. § 541(a).

It is concluded that the Defendant did not violate the automatic stay.

### *Conclusion*

The Plaintiff shall take nothing by his complaint. An appropriate judgment shall issue.

Upon entry of this Memorandum the Clerk shall forward a copy to Katherine M. Walker, Esq., Stephen E. Dunn, Esq., and the Chapter 13 trustee.

---

by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
(2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

Entered on this  25th  day of May, 2011.

_____
William E. Anderson
United States Bankruptcy Judge